IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAMES WILKINS,**

    **Plaintiff,**

vs.                                     Case No. 4:12cv270-RH/CAS

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis in a separate order entered this day.  Plaintiff had previously been directed to submit the amended in forma pauperis motion due to discrepancies found between the information provided in this case when compared with the financial affidavit Plaintiff submitted in an earlier case.  *See* doc. 5.

Furthermore, when Plaintiff was directed to submit the amended in forma pauperis motion, it was pointed out that Plaintiff had filed an action against these same three Defendants just a few months prior.  Case 4:12cv145-RH/CAS.  The prior case was dismissed on May 21, 2012. Docs. 11, 12.  The Order of Dismissal noted that

Plaintiff had requested leave to amend the complaint in that case to bring a civil rights claim, but the request was denied because it would not cure the deficiency of the *Rooker-Feldman* bar.  Doc. 11, at 2, case 4:12cv145.

In this case, initiated on June 4, 2012, just two weeks from the prior dismissal, it was noted that Plaintiff was attempting to evade *Rooker-Feldman* by presenting only state law claims, yet Plaintiff claimed jurisdiction existed under 28 U.S.C. § 1331.  Doc. 1, *cited in* doc. 5.  Plaintiff was advised that because there was no federal claim,[1] this Court did not have jurisdiction under § 1331.  That remains the status as Plaintiff has not filed an amended complaint.  This Court does not have jurisdiction pursuant to § 1331 because Plaintiff presents only state law claims.

Plaintiff also asserted in the complaint that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Doc. 1, at 1-2.  Under the diversity jurisdiction provision, however, diversity must be complete as between all parties.  Here, diversity jurisdiction is lacking between the parties.

A federal district court cannot act upon a case that is "beyond its statutory grant of subject matter jurisdiction."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001); Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) (a federal district court has limited jurisdiction which only allows it to hear certain types of actions authorized by the Constitution or Congress).  This complaint presents no basis for federal court jurisdiction and should be dismissed.

---

[1] All five of Plaintiff's claims are state law tort claims.  Doc. 1, at 23-35 (Plaintiff claims "severe emotional distress," "intentional and reckless disregard," "outrageous conduct," "negligent infliction of emotional distress," and "abuse of process.").

Case No. 4:12cv270-RH/CAS

Moreover, this case must be dismissed for the same reason Plaintiff's prior case was dismissed: it is barred by the *Rooker-Feldman* doctrine. As explained to Plaintiff in the prior case, 4:12cv145, Plaintiff may not proceed in this Court to complain of injuries incurred because a state court entered an order which foreclosed on Plaintiff's property. If Plaintiff believes that misrepresentations were made in the foreclosure proceeding, his avenue of relief is in the appellate courts of Florida. This case, like the similar case of <u>Figueroa v. Merscorp, Inc.</u>, 766 F.Supp.2d 1305, 1320 (S.D. Fla. 2011), was also brought against the Law Offices of David J. Stern, P.A., and Mortgage Electronic Registrations Systems, Inc. (aka MERS of MERSCORP), and dismissed under the *Rooker-Feldman* doctrine. Where a plaintiff's complained-of injuries stem from a foreclosure judgment, the case is barred by *Rooker-Feldman*. <u>AboyadeCole Bey v. BankAtl.</u>, No. 6:09-cv-1572–Orl–31GJK, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear plaintiff's case under Rooker–Feldman because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); <u>Distant v. Bayview Loan Servicing, LLC</u>, No. 09-61460-CIV, 2010 WL 1249129, at *3 (S.D. Fla. Mar. 25, 2010) ("Although plead as conspiracy claims . . ., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the *Rooker-Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a de facto appeal of a previously litigated state court matter."); *see also* <u>Swiatkowski v. Citibank</u>, 745 F.Supp.2d 150 (E.D.N.Y. 2010) (holding that *Rooker-Feldman* barred case filed by plaintiffs who sought relief an an earlier foreclosure action); <u>Tal v. Hogan</u>, 453 F.3d 1244 (10th Cir. 2006) (finding that claim was barred

after property was condemned by Oklahoma state court).  Plaintiff was previously denied leave to amend his complaint in case 4:12cv145-RH/CAS, and for the same reason he could not proceed in that case, he cannot proceed in this newly filed case either.  Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and this case must be dismissed for lack of subject matter jurisdiction.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED with prejudice** for lack of subject matter jurisdiction and because it is bared by the *Rooker-Feldman* doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on July 16, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**